Dewey, J.
It is provided by the statute of 1836, c. 273, § 1, that all matters of law or fact, in defence to an action, may be given in evidence under the general issue. If the subsequent provisions of the statute do not control this, the defence here relied upon was of course open to the defendant, without any particular specification.
But the second section of the same statute authorizes the courts to adopt such rules respecting notice to the opposing party, as may be necessary to prevent surprise. Under this authority, the court of common pleas have adopted certain rules regulating the practice of that court, the thirty-ninth of which provides, that in civil actions the defendant shall not be allowed to give in evidence any specific or substantive matter in discharge or avoidance of the action, unless he shall have filed a statement in writing, setting forth fully and substantially the nature of his defence. The forty-second rule provides, that either party may also require a bill of particulars or specification of defence, and may have an order requiring the adverse party to file a statement in writing of any specific or substantive matter of discharge or avoidance, which he intends to give in evidence on the trial; but the forty-third rule further provides, that this shall not be construed to prevent the defendant, in any case, from giving in evidence under the general issue, any matter that may tend to rebut or disprove the case, which the plaintiff shall have attempted to make out* To some extent, it seems quite obvious, that within this rule a defence may be maintained under the general issue, without a specification filed. Is the present a case of that character ? This is not a case, where a discharge is *541 set up, for that necessarily admits that the plaintiff once had a cause of action, but insists that it no longer exists, on account of some matter subsequent. If embraced within the rule requiring a specification of the particular defence, it is under the head of matter “ in avoidance ”; for although this may admit a primd facie case shown by the evidence, yet the defendant may rely upon other independent facts to defeat this primd facie case, and these may be such as to show an original defect in the ground of the claim.
It has been sometimes supposed, that inasmuch as the rule requiring specifications of defence was introduced concurrently with the extension of the' general issue to all cases, and the abolishing of all special pleas, that the eases of defence requiring specifications to be filed were precisely those that before required a special plea. The leading purpose, no doubt, was to embrace that class of cases, but as by the well-settled rules of pleading, many substantive matters of discharge and avoidance had been allowed to be shown under the general issue, and such defences are often of a character requiring notice to the opposing party, the rules established by the court upon this subject are of more general application, and embrace many cases that formerly might have been tried under the general issue, such as payment, license, release, infancy, &c.
But it is equally true, that specifications of the particular defence relied upon are not required in every case, and that the general issue is sufficient when you deny that the plaintiff has made a primd facie case, or you merely offer evidence to rebut or disprove the case, which the plaintiff has attempted to make out.
The leading object of a specification is to prevent surprise, and to enable the other party to prepare for trial. • To secure this object, a specification of the defencé is required in cases like those above alluded to. The forty-third role already stated clearly shows that such specifications are not required in all cases. This action is brought to recover damages on a contract of warranty, made on the sale of a horse by the defendant to the plaintiff. Although time is not so far material, as to require the precise day of making the cont + to be *542 stated in the declaration, and a discrepancy between the evidence offered and the declaration in this respect is not material, yet the proof of the contract to be made to the jury necessarily includes the time and place, the when' and where the contract was made. The plaintiff could not, on the trial, allege any surprise, when the defendant relied upon the fact, that the contract was made on the Lord’s day, as a defence to the action ; for from his own evidence, if the facts were truly stated, he must have been fully apprised that his case was obnoxious to that defence.
This defence would doubtless have been open to the defendant, under the general issue, before the statute of 1836, c. 273, and is so now unless restricted by the rules of the court of common pleas requiring specifications of defence in certain cases.
The case of Davis v. Maxwell, 12 Met. 286, is to the point, that the object of the specification being to give notice to the plaintiff of the defence relied upon, if the plaintiff himself makes it a part of his case, he cannot be prejudiced by the want of notice, and cannot therefore object to a defence under the general issue, without a specification.
In the opinion of the court, where the defence to the action Is, that the contract was in its inception illegal or void in law, the defence may be taken under the general - issue, and the case is not embraced in the thirty-ninth rule of the court of common pleas, as to specifications required where the party relies upon any specific or substantive matter of discharge, oi in avoidance of the action. But cases of that nature properly fall under the forty-third rule, that any matter, which may tend to rebut or disprove the case, which the plaintiff shall have attempted to make out, may be given in evidence, mi der the general issue, without any specification.

Exceptions sustained.

 The fifty-sixth, fifty-seventh, and fifty-eighth rules of this court contain similar provisions.